IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIFTH THIRD BANK, *an Ohio Banking Corporation*, | ) ) ) | Case No. 3:18-cv-114 |
| Plaintiff, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) ) | |
| BEL AIR PLAZA ASSOCIATES, LP, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Plaintiff Fifth Third Bank's ("Fifth Third") Motion to Compel Discovery Responses from Defendant Bel Air Plaza Associates, LP ("Bel Air"). (ECF No. 28.) The Motion has been fully briefed (ECF Nos. 28, 29) and is ripe for disposition.

For the reasons that follow, the Court will **GRANT IN PART** and **DENY IN PART** Fifth Third's Motion to Compel Discovery Responses.

### II. Background

This case arises from a contract dispute between Fifth Third and Bel Air. (ECF No. 28 ¶¶ 1-6.)

In 2012, Bel Air assigned specific economic rights to cash and other proceeds to Fifth Third under a Collateral Assignment of Economic Rights (the "Collateral Assignment"). (*Id.* ¶ 2.) On March 28, 2012, Bel Air and Fifth Third entered into a Memorandum of Understanding and Side Agreement (the "Memorandum") in order to effectuate the terms of the Collateral Assignment. (*Id.* ¶ 4.) The Memorandum and the Collateral Assignment required Bel Air to:

> distribute a minimum of 90% of excess cash flow to its partners and/or interest holders, or if Secured Party [Fifth Third] has exercised its rights under the Collateral Assignments then directly to Secured Party [Fifth Third], on a monthly basis after all reasonable and necessary property maintenance, operating expenses and taxes and any property reserves are funded.

(*Id.* ¶ 5 (alteration in original).) On September 19, 2017, Fifth Third exercised its rights under the Collateral Assignment. (*Id.* ¶ 6.) Fifth Third required Bel Air to make "profit share distributions, accounts or other payments" to Fifth Third. (*Id.*)

On May 25, 2018, Fifth Third filed a Complaint to enforce the Collateral Assignment and Memorandum. (ECF No. 1.) Bel Air filed an Answer to the Complaint on July 13, 2018. (ECF No. 8.) On August 10, 2018, Fifth Third served Requests for Admissions, Interrogatories, and Requests for Production of Documents (collectively, the "Discovery Requests") on Bel Air. (ECF No. 28 ¶ 7.) Bel Air sent its Objections and Responses to the Discovery Requests (collectively, the "Discovery Responses") on September 14, 2018. (*Id.* ¶ 8.) Fifth Third found Bel Air's Discovery Responses to be improper and inadequate. (*Id.* ¶ 9.) After conferring, Bel Air provided federal tax returns for 2012 through 2016 and electronic-storage disks that contained approximately 40,000 pages of documents to Fifth Third. (*Id.* ¶¶ 15-16.) The electronic-storage disks were originally produced by Fifth Third in separate litigation. (*Id.* ¶ 17.)

On January 16, 2019, Fifth Third filed a Motion to Compel Discovery. (ECF No. 28.) Bel Air filed a Response on January 23, 2019. (ECF No. 29.) The Court ordered oral argument on the Motion, which was held February 11, 2019. (ECF No. 40.)

2

In its Motion, Fifth Third seeks to compel production of (1) financial data from 2009 to 2019; (2) lease agreements between Bel Air and its tenants from 2012 to 2019; and (3) a response to Interrogatory 6 regarding Bel Air's financial institutions.[1] (ECF No. 28 ¶¶ 21(a), 27-31.)

In its Response (ECF No. 29), Bel Air argues that it responded to the interrogatories to the extent required. (*Id.* ¶¶ 31-36.) Bel Air also contends that it produced documents likely to lead to admissible evidence in the form of tax returns from 2012 to 2016.[2] (*Id.* ¶¶ 39-40.) Moreover, Bel Air asserts that (1) Fifth Third requests information that it already has in its possession and (2) Fifth Third has no right to financial documents prior to 2012 because such documents pre-date the Collateral Assignment and Memorandum and are thus beyond the scope of Fifth Third's Complaint. (*Id.* ¶¶ 40-41.) Bel Air also states that the electronic-storage disks were not part of its Discovery Responses but rather were a "professional courtesy" provided to Fifth Third to demonstrate that Fifth Third possesses the information sought from Bel Air. (*Id.* ¶¶ 21-25, 41.)

### III.  Legal Standard

Federal Rule of Civil Procedure 26 provides the general framework for discovery in federal civil litigation. Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and ... the fact is of consequence in determining the action." *See* Fed. R. Evid. 401. In determining whether discovery is proportional to the needs of

---

[1] While the Motion addressed other Discovery Requests, the parties indicated at oral argument that many issues had been resolved without the Court's involvement. In this Memorandum Opinion, the Court will only address those issues that remained as of oral argument.

[2] Bel Air agreed to supplement its Discovery Responses as additional federal tax returns become available. (ECF No. 29 ¶ 34.)

3

the case, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. *See Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, then the burden shifts to the party resisting discovery to establish that discovery of the material requested is inappropriate. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The party resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982).

## IV. Discussion

### A. Financial Data 2009 – 2019

Fifth Third seeks to compel production of financial data from Bel Air for the period of 2009 to 2019. (ECF No. 28 ¶¶ 27-29.) However, Fifth Third did not demonstrate the relevance of financial data from prior to 2012.

At oral argument, Fifth Third argued that it seeks records from 2009 through 2011 to provide a "lookback period." The Court does not find a "lookback period" to be necessary or appropriate in this case. For information to be relevant, it must pertain to the Complaint's

4

allegations. The allegations in the Complaint are limited to the timeframe after the parties entered into the Collateral Assignment in 2012. Thus, materials from prior to 2012 are beyond the scope of discovery. The appropriate time frame for discovery is 2012 to 2019—the years after the parties entered into the Collateral Assignment and addressed by the Complaint.

In addition, even within the 2012 to 2019 time period, it is unclear that the materials Fifth Third requested beyond the federal tax returns are appropriate for discovery. Fifth Third maintained numerous financial agreements and business relationships with Bel Air. It seems likely that Fifth Third possesses at least some of the requested financial records due to these relationships. Moreover, the electronic-storage disks produced by Bel Air support the proposition that Fifth Third likely possesses the materials sought. (ECF No. 29 ¶ 22.) It would be inappropriate to compel production of documents that are already possessed by the party seeking discovery. Therefore, even if Fifth Third demonstrated relevance, Bel Air has met its burden to resist this discovery.

Accordingly, the Court will **GRANT IN PART** and **DENY IN PART** Fifth Third's Motion to Compel Discovery Responses as to financial data from 2009 to 2019.

The Court **GRANTS** the Motion to the extent that Fifth Third seeks federal tax returns from 2012 to 2019. Bel Air shall continue to supplement its Discovery Responses with tax returns from 2012 to 2019, as they become available.

The Court **DENIES** the Motion to the extent that Fifth Third seeks financial data from 2009 to 2011—the years before the parties entered into the Collateral Assignment.

Moreover, the Court **DENIES** Fifth Third's request for other financial documents (aside from tax returns) from the 2012 to 2019 time period. Fifth Third may review its records, including

5

the electronic-storage disks, and file a renewed motion to compel if the tax returns from 2012 to 2019 and the documents already in its possession do not provide enough information on Bel Air's financial situation.

### B. Lease Agreements 2012 – 2019

Fifth Third also seeks to compel production of lease agreements from Bel Air from the 2012 to 2019 time period. (ECF No. 28 ¶ 31(a).)

Fifth Third argues that the lease agreements contain relevant financial information. While this may be true, such information is likely duplicative of information already provided in other sources, namely Bel Air's federal tax returns.

Accordingly, the Court will **DENY** Fifth Third's Motion to Compel Discovery Responses to the extent it seeks to compel the production of lease agreements.

### C. Interrogatories Related to Financial Institutions

Fifth Third also seeks to compel responses to interrogatories from Bel Air. The Court's understanding after oral argument is that only Interrogatory 6, which requests that Bel Air identify all financial institutions where it maintained accounts from 2009 to the present (ECF No. 28 ¶ 21(a)), is still disputed.

Fifth Third argues that Bel Air's financial institutions are relevant to its Complaint because it must accurately assess the distributions, dividends, cash, payments, profits, earnings, and revenue to which it is entitled under the Collateral Assignment. Bel Air concedes in its Response that the information is relevant. (ECF No. 29 ¶ 32.) Bel Air asserts that it issued an informal response to Interrogatory 6 indicating the financial institution where its accounts are maintained. (*Id.*)

6

Because the parties agree that Interrogatory 6 requests at least some relevant information, the issues for the Court are (1) identifying the appropriate time period for this discovery and (2) determining whether Bel Air should provide account information.

As explained previously, Fifth Third did not demonstrate that account information prior to 2012 is relevant. The relevant account information is limited to the 2012 to 2019 time period.

Fifth Third requests that Bel Air provide account numbers that correspond with the accounts maintained at the identified financial institution. Fifth Third argues that account information would permit it to subpoena the financial institution for information related to Bel Air's financial situation. At oral argument, Bel Air seemed amenable to this position. Therefore, in addition to the identification of the financial institution, Bel Air shall also provide Fifth Third with the corresponding account information or account numbers for accounts maintained from 2012 to 2019.

Accordingly, the Court will **GRANT IN PART** and **DENY IN PART** Fifth Third's Motion to Compel Discovery Responses as to Interrogatory 6. The Court **GRANTS** the Motion to the extent Fifth Third seeks account information and account numbers for accounts maintained from 2012 to 2019. The Court **DENIES** the Motion to the extent Fifth Third seeks account information for accounts maintained prior to 2012.

### V. Conclusion

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Fifth Third's Motion to Compel Discovery Responses (ECF No. 28).

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIFTH THIRD BANK, *an Ohio Banking Corporation,* ) ) ) | Case No. 3:18-cv-114 |
| Plaintiff, ) ) ) | JUDGE KIM R. GIBSON |
| v. ) ) ) | |
| BEL AIR PLAZA ASSOCIATES, LP, ) ) ) | |
| Defendant. ) | |

## ORDER

AND NOW, this 13th day of March, 2019, **IT IS HEREBY ORDERED** that the Motion to Compel Discovery Responses (ECF No. 28) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

(1) The Motion is **GRANTED IN PART** and **DENIED IN PART** as to financial documents from 2009 to 2019. It is **GRANTED** to the extent that Fifth Third seeks tax returns from 2012 to 2019. It is **DENIED** to the extent that Fifth Third seeks tax returns from before 2012. It is also **DENIED** to the extent that Fifth Third seeks other financial documents from 2009 to 2019.

(2) The Motion is **DENIED** as to lease agreements from 2012 to 2019.

(3) The Motion is **GRANTED IN PART** and **DENIED IN PART** as to information or account numbers for accounts maintained at financial institutions. It is **GRANTED** to the extent that Fifth Third seeks account information and numbers from 2012 to 2019. It is **DENIED** to the extent that Fifth Third seeks account information from before 2012.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE